3bm404
e118 426

CHANCERY.        **January & Huston *vs* Poyntz *et al.***

*Case* 131.           APPEAL FROM THE MASON CIRCUIT.

*Partners and partnership liabilities. Trustees. Mortgagees.*

*May* 30.        CHIEF JUSTICE ROBERTSON delivered the Opinion of the Court.

The case stated.    ON the 16th of February, 1837, R. J. Langhorne made a mortgage to W. & N. Poyntz and T. Y. Payne, for indemnifying each of them as his surety, on separate and various liabilities—and at the same time he made to N. Poyntz another mortgage on other property for securing him as his surety.

On the next day, (February 17th, 1837,) Langhorne made a transfer of all his accounts and notes to the said T. Y. Payne in trust, first, as a supplemental security for the liabilities described in the two first mortgages, and next for the benefit of McIlvaine and other described sureties, not including *January & Huston,* and next and lastly, for their benefit also, and for that of other sureties.

And at the same time he made another mortgage to N. Poyntz on other property, belonging to himself and a co-partner, as an additional security for the liabilities mentioned in the first two mortgages, and next for the benefit of January & Huston, and next and lastly for that of other sureties.

Payne collected as much of the choses in action as seemed to be collectable, and paid over the amount collected to W. & N. Poyntz, who exonerated him and paid the debts for which he was surety; and W. & N. Poyntz, in execution of a power given to them, sold all the estate included in the three mortgages to them. The aggregate avails of these sales and of Payne's collections, exceeded the total amount of the collateral liabilities of W. & N. Poyntz and Payne. But the proceeds of the property mortgaged to them exclusively, on the 16th of February, being insufficient to discharge their entire liabilities, a portion of the avails of the property included in the mortgages of the 17th, in which they were con-

tingently preferred creditors, was also necessarily applied to their use for completing their indemnity. The residue remaining in their hands for distribution among other beneficiaries being insufficient for the indemnity of all of them, a contest arose among them as to their respective distributive rights.

McIlvaine filed a bill in chancery claiming the whole of his debt. And thereupon W. & N. Poyntz filed a bill of interpleader against all the parties concerned, and the two suits were consolidated.

The parties having interpleaded, the Circuit Court, on the final hearing of the consolidated case, subjected the fund resulting from the mortgage, in which January and Huston were preferred to McIlvaine and others, to the burden of the whole deficit of the proceeds of the two mortgages of the 16th; and, in consequence of that process, decreed to McIlvaine and others mentioned in the mortgage to Payne, the whole amount of their respective demands, and thereby imposed on January and Huston a loss of the greater portion of their debt.

To reverse that decree January & Huston have appealed to this Court.

As the property mortgaged for the benefit of January & Huston in preference to McIlvaine and others, was partnership estate, and the debt due to January & Huston was a partnership demand, they would certainly, as to that property, have been entitled to an equitable priority over any creditor of either of the individual partners, had there been no mortgage. And notwithstanding the mortgages they now assert the same equitable priority. But it seems to us that, claiming under the mortgages, they must stand in all respects, in the relative position in which those contracts placed them, and cannot go behind the conveyances for asserting any equity inconsistent with their object and effect. A *bona fide* sale or even mortgage of the partnership property to a creditor or creditors of one of the partners, with the concurrence, as in this case, of the other partner, would have been undoubtedly available against the equitable priority of January & Huston, as resulting in the absence of any valid contract affecting that latent equity. Then, of course,

JANUARY & HUSTON
*vs*
POYNTZ *et al.*

The state of the pleadings of the parties, and decree of the Circuit Court.

Partnership property is liable to satisfy partners'p debts in preference to individual debts of the members of the partnership—

But if creditors of a partnership place themselves on different ground by taking a mortgage, they must abide their contract.

JANUARY & HUS-
TON
vs
POYNTZ et al.

the mortgages in this case being unassailed, and accept-
ed by January & Huston, must determine their rights of
distribution without regard to any equitable priority
which they might have claimed if there had been no con-
tract for distribution in any other mode than that which
equity would have dictated in the absence of any such
contract.

Trustees who
hold funds du-
ring a contest
between mort-
gagees without
using it, and who
are not required
to pay it into
Court, should not
be held account-
able for interest.

But, nevertheless, we are of the opinion that the de-
cree has done injustice to January & Huston.

Why the Circuit Judge imposed the whole deficit on
them we cannot imagine, unless it was because the mort-
gage of the partnership property was described in the
record as exhibit No. 3, and the mortgage of the choses
in action was described as exhibit No. 4. But this nu_
merical order was altogether arbitrary and accidental.
These two mortgages were simultaneous, and, so far as
W. & N. Poyntz were concerned, should be considered
as one single security. There is nothing indicating an
intention to discriminate between these two mortgages
so far as those preferred creditors were interested in them.
But if one or the other should be subjected to the whole
burthen of the deficit, why should not that one be the
mortgage to Payne in which McIlvaine was preferred to
January & Huston? There would, we think, be more
reason for imposing on that the whole burthen than for
putting it on the mortgage in which January & Huston
are preferred to McIlvaine, because antecedently to the
mortgages they may have had superior equity as to the
property embraced in the latter mortgage.

But W. & N. Poyntz having a common lien on both
of these mortgages, it is clear to us that the burden of
that incumbrance should be distributed pro rata on the
proceeds of each; and had this been done by the de-
cree, January & Huston would have obtained a much
larger amount than that which was decreed to them.

It appears from the record as now exhibited, that the
Circuit Court omitted to charge W. & N. Poyntz with
$1165 27, which Payne collected from Stout & Rals-
ton and paid to W. & N. Poyntz as a portion of the pro-
ceeds of the choses in action mortgaged to him. Had
not that sum been pretermitted, McIlvaine and others

claiming under the mortgage to Payne might have been entitled to the whole of their respective debts after making the *pro rata* contribution, if they are entitled to charge the trustees with accruing interest on the residuary fund in their hands. But, as the trustees were stakeholders of that residue, and do not appear to have made profit out of it, or to have used it for their own benefit, no ground is shown for subjecting them to the charge of interest. They expressed a desire to distribute the distributable balance, and none of the distributees manifested any wish to have it paid into Court. Unless they appropriated it to their own use they are not liable for interest on it. And without charging interest McIlvaine and those claiming with him were not entitled to quite the whole amount of their several debts, even had the omitted item of $1165 27 been charged against the trustees.

The decree in their favor, therefore, seems to be slightly erroneous to the prejudice of January & Huston; and the decree in other respects, as between January & Huston and W. & N. Poyntz, appears to be grossly erroneous and prejudicial to the appellants.

As W. & N. Poyntz appear to have had good cause to file their bill of interpleader, and to have filed it in good faith, there was no error in failing to impose on them any portion of the costs.

Decree reversed and cause remanded.

*Owsley & Goodloe* and *Hord* for appellants; *Morehead & Reed* and *McClung & Taylor* for appellees.